IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

------------------------------------------------
CYNTHIA BURK,

                          Plaintiff,

      -vs-

AMTRAK,

                        Defendant.
------------------------------------------------

: CASE NO. 1:14CV2522
:
:
: MEMORANDUM OF OPINION AND
: ORDER GRANTING THE
: DEFENDANT'S MOTION TO DISMISS

UNITED STATES DISTRICT JUDGE LESLEY WELLS

    This matter comes before the Court on an unopposed motion to dismiss for failure to state a claim upon which relief can be granted filed by defendant Amtrak. (Doc. 7). Amtrak maintains that the plaintiff's personal injury claim is time-barred. Because the Court agrees, the motion will be granted.

    The plaintiff alleges that on November 15, 2008, she was traveling from Chicago, Ilinois to Washington, D.C. on an Amtrak train. (Doc. 1, ¶2). The train made a stop in

Cleveland, Ohio, and the plaintiff and several other passengers, as well as the conductor, stepped off the train for a cigarette. (Id.). After a few minutes, the conductor called out "all aboard." (Id.). When Ms. Burk and the other passengers attempted to reboard the train, they found the doors locked. (Id.).The train began to move, and the plaintiff and the other passengers ran alongside the train, banging on it and shouting. (Doc. 1, ¶3). Two of them successfully jumped onto a small platform between the train cars. (Id.). Ms. Burk alleges that she tried to join them, but she slipped, falling underneath the train as it roared by. (Id.). She maintains that Amtrak is liable for her resulting injuries, which included a six centimeter complex laceration over her left kneecap, abrasions to her right knee, and pain in her shoulder. (Doc.1, ¶4).

The Court agrees with the defendant that the plaintiff's personal injury claim is barred by the applicable statute of limitations and that the complaint should be dismissed. A federal court sitting in diversity applies the laws of the forum state. Erie R.R. v. Tompkins, 304 U.S. 64 (1938). In Ohio, "an action for bodily injury or injuring personal property shall be brought within two years after the cause of action accrues." Ohio Rev. Code § 2305.10(A). "Ordinarily, a cause of action accrues and the statute of limitations begins to run at the time the wrongful act was committed." Collins v. Sotka, 81 Ohio St. 3d 506, 508, 692 N.E.2d 581, 583 (1998) "However, under the discovery rule, which is an exception to the general rule, a cause of action accrues when the plaintiff discovers, or in the exercise of reasonable care should have discovered, that he or she was injured by the wrongful conduct of the defendant." Id.

Based on the complaint filed in the present case, Ms. Burk's cause of action accrued on November 15, 2008, when Amtrak's alleged wrongful action occurred.

2

There are no factual allegations by which the Court might reasonably infer that the discovery rule should apply in this instance. Therefore, the limitations period expired on November 15, 2010, making Ms. Burk's personal injury claim, filed November 17, 2014, too late. Motion granted.

    IT IS SO ORDERED.

                                                                  /s/ Lesley Wells
                                                    UNITED STATES DISTRICT JUDGE

Date: 12 June 2015